Mingmar Gayljen LAMA, Petitioner,

v.

BOARD OF IMMIGRATION
APPEALS, Respondent.

Docket Nos. 03–4833AG(L),
05–4306AG(COPN).

United States Court of Appeals,
Second Circuit.

April 19, 2006.

Gary J. Yerman, New York, New York,
for Petitioner.

Steven M. Biskupic, U.S. Atty., Christian R. Larsen, Asst. U.S. Atty., Milwaukee, Wisconsin, for Respondent.

PRESENT: Hon. JOHN M. WALKER,
Jr., Chief Judge, Hon. JON O. NEWMAN,
and Hon. ROSEMARY S. POOLER,
Circuit Judges.

SUMMARY ORDER

Mingmar Gayljen Lama, through counsel, petitions for review of the July 2005 BIA order denying his motion to reopen removal proceedings. Lama additionally petitions for review of the April 2003 BIA order affirming Immigration Judge ("IJ") Adam Opaciuch's decision denying his ap-

plication for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, it is HEREBY ORDERED that the pending motion to consolidate the petitions for review in *Lama v. Board of Immigration Appeals,* No. 03–4833–ag, and *Lama v. Board of Immigration Appeals,* No. 05–4306, is GRANTED. *See* 8 U.S.C. § 1252(b)(6).

When, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. See *Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see, e.g., *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

When the credibility of an applicant for asylum and withholding of deportation is placed at issue because of alleged statements made at the asylum interview, at a minimum, the record of the interview must contain a meaningful, clear, and reliable summary of the statements made by the applicant. *Matter of S–S–,* 21 I. & N. Dec. 121, 124 (BIA 1995). The record in this case meets the requirement, and the agency did not err in relying on it in finding Lama to be not credible.

■ The BIA and IJ noted that the information in Lama's supplemental affirmation was inconsistent with the information he submitted at the asylum interview. At the interview, Lama claimed that he was discriminated against because he could not get a Sherpa trekking license or a Government position, yet he never alleged that he was physically harmed. Yet, in Lama's supplemental affirmation, he stated that he was born in Tibet, lived in a Tibetan refugee camp in a remote village in Nepal, and was arrested and harmed by Nepalese authorities for participating in processions organized by the Tibetan Youth Congress. There is substantial evidence in the record to support the BIA's and IJ's adverse credibility findings.

There is also no basis to disturb the IJ's denial of asylum based on Lama's failure to corroborate his testimony. Lama was not otherwise credible and the IJ did not base his denial of Lama's asylum claim solely on the lack of corroboration. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 164 (2d Cir.2006). The IJ's denial of Lama's claim was based on uncorroborated, non-credible testimony.

■ Finally, we uphold the BIA's denial of Lama's motion to reopen proceedings. This Court reviews the BIA's denial of a motion to reopen for an abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The BIA did not abuse its discretion in denying Lama's motion to reopen because the motion was filed more than 90 days after the final order of removal, and Lama was unable to make out a prima facie case based on changed country conditions. The BIA entered the final order in Lama's removal proceedings on April 3, 2003. Lama had 90 days to file a motion to reopen, yet did not file his motion until June 2005, more than two years later, clearly beyond the filing deadline. *See* 8 U.S.C. § 1229a (c)(7)(C) (2005); 8 C.F.R. § 1003.2(c)(2) (2005). Further, Lama is not eligible for an exception to the time limitation requirement under 8 C.F.R. § 1003.2(c)(3). While his motion to reopen included documents showing a concerning change in country conditions in Nepal, the BIA reasonably concluded that this evidence was insufficient to establish Lama's prima facie eligibility for relief. The conditions described in the background documents fail to establish that Lama himself has a well-founded fear of persecution in Nepal, given that Lama's testimony regarding his past political activities was found not credible.

Moreover, we reject Lama's argument that the BIA "gave no indication it considered whether any of the evidence submitted actually established changed country conditions." While the BIA must consider such evidence, "it may do so in summary fashion without a reviewing court presuming that it has abused its discretion." *Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006).

For the foregoing reasons, the petitions for review are DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is

DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).